# EXHIBIT A

# CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA

## Section 1.0 Definitions

A. "Abuse Victim" is a person for whom a protection order has been granted by a court pursuant to Pa.R.C.P. No. 1901 et seq. and 23 Pa.C.S. §§ 6101 et seq. or Pa.R.C.P. No. 1951 et seq. and 42 Pa.C.S §§ 62A01 et seq., as well as Pa.R.C.P.M.D.J. No. 1201 et seq.

B. "Case Records" are (1) documents for any case filed with, accepted and maintained by a court or custodian; (2) dockets, indices, and documents (such as orders, opinions, judgments, decrees) for any case created and maintained by a court or custodian. This term does not include notes, memoranda, correspondence, drafts, worksheets, and work product of judges and court personnel. Unless otherwise provided in this policy, this definition applies equally to case records maintained in paper and electronic formats.

C. "Clerical errors" are errors or omissions appearing in a case record that are patently evident, as a result of court personnel's action or inaction.

D. "Court" includes the Supreme Court, Superior Court, Commonwealth Court, Courts of Common Pleas, Philadelphia Municipal Court, and Magisterial District Courts.

E. "Court of Record" includes the Supreme Court, Superior Court, Commonwealth Court, Courts of Common Pleas, and Philadelphia Municipal Court.

F. "Court Facility" is the location or locations where case records are filed or maintained.

G. "Custodian" is any person responsible for maintaining case records or for processing public requests for access to case records.

H. "Docket" is a chronological index of filings, actions, and events in a particular case, which may include identifying information of the parties and counsel, a brief description or summary of the filings, actions, and events, and other case information.

I. "Financial Account Numbers" include financial institution account numbers, debit and credit card numbers, and methods of authentication used to secure accounts such as personal identification numbers, user

names and passwords.

J.  "Financial Source Documents" are:

1.  Tax returns and schedules;
2.  W-2 forms and schedules including 1099 forms or similar documents;
3.  Wage stubs, earning statements, or other similar documents;
4.  Credit card statements;
5.  Financial institution statements;
6.  Check registers;
7.  Checks or equivalent; and
8.  Loan application documents.

K.  "Medical/psychological records" are records relating to the past, present, or future physical or mental health or condition of an individual.

L.  "Minor" is a person under the age of eighteen.

M.  "Party" is one who commences an action or against whom relief is sought in a matter.

N.  "Public" is any person, member of the media, business, non-profit entity, organization or association. The term does not include a party to a case; the attorney(s) of record in a case; Unified Judicial System officials or employees if acting in their official capacities; or any federal, state, or local government entity, and employees or officials of such an entity if acting in their official capacities.

O.  "Remote Access" is the ability to electronically search, inspect, print or copy information in a case record without visiting the court facility where the case record is maintained or available, or requesting the case record from the court or custodian pursuant to Section 4.0.

## COMMENTARY

Regarding Subsection B, "documents for any case filed with, accepted and maintained by a court or custodian" are those not created by a court or custodian, such as pleadings and motions. Indices are tools for identifying specific cases.

Regarding Subsection C, examples of clerical errors are the docket entry links to the wrong document or court personnel misspells a name in the caption.

Regarding Subsection G, the definition of "custodian" includes clerks of court, prothonotaries, clerks of orphans' court and magisterial district judges, for example. The definition does not include those entities listed in Pa.R.A.P. 3191 who receive copies of briefs filed in an appellate court or a register of wills.

Regarding Subsection K, this definition is derived from the definition of "health information" provided in 45 C.F.R. § 160.103 (HIPAA). Examples of case records that would fall within this exclusion are: drug and alcohol treatment records, psychological reports in custody matters, and DNA reports.

Regarding Subsection M, *amici curiae* are not parties. *See* Pa.R.A.P. 531.

Regarding Subsection N, Unified Judicial System officials or employees include: judicial officers and their personal staff, administrative staff and other central staff, prothonotaries, clerks of the courts, clerks of the orphans' court division, sheriffs, prison and correctional officials, and personnel of all the above.

## Section 2.0 Statement of General Policy

    A.  This policy shall govern access by the public to case records.

    B.  Security, possession, custody, and control of case records shall generally be the responsibility of the applicable custodian and designated staff.

    C.  Facilitating access by the public shall not substantially impede the orderly conduct of court business.

    D.  A court or custodian may not adopt more restrictive or expansive access protocols than provided for in this policy. Nothing in this policy requires a court or custodian to provide remote access to case records. However, if a court or custodian chooses to provide remote access to any of its case records, access shall be provided in accordance with Section 10.0.

### COMMENTARY

The *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania* provides for access to the statewide case management systems' web docket sheets and requests for bulk data.

## Section 3.0 Access to Case Records

All case records shall be open to the public in accordance with this policy.

# Section 4.0 Requesting Access to Case Records

A.  When desiring to inspect or copy case records, a member of the public shall make an oral request to the applicable custodian, unless otherwise provided by a local rule or an order issued by a court of record.

B.  When the information that is the subject of the request is complex or voluminous, the custodian may require a written request. If the requestor does not submit a written request when required, access may be delayed until the written request is submitted or a time when an individual designated by the custodian is available to monitor such access to ensure the integrity of the case records is maintained.

C.  Requests shall identify or describe the records sought with specificity to enable the custodian to ascertain which records are being requested.

## COMMENTARY

Public access requests to the courts and custodians are routinely straightforward and often involve a limited number of records. Therefore, artificial administrative barriers should not be erected so as to inhibit making these requests in an efficient manner.

This policy provides the courts and custodians latitude to establish appropriate administrative protocols for viewing/obtaining case records remotely. However, the definition of "remote access" in Section 1.0 clarifies that a request under this section is neither necessary nor expected under this policy.

Nonetheless, Subsection B provides a custodian with the flexibility to require that a more complex request be submitted in writing to avoid misunderstandings and errors that can often result in more time being expended to provide the requested information than is necessary. This approach is not novel; submission of a written request form has been a longstanding practice under the Unified Judicial System's *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania*.

Subsection C does not require a requestor to identify a case by party or case number in order to have access to the files, but the request shall clearly identify or describe the records requested so that court personnel can fulfill the request.

Written requests should be substantially in the format designed and published by the Administrative Office of Pennsylvania Courts.

# Section 5.0 Responding to Requests for Access to Case Records

A.  A custodian shall fulfill a request for access to case records as promptly as possible under the circumstances existing at the time of the request.

B.  If a custodian cannot fulfill the request promptly or at all, the custodian shall inform the requestor of the specific reason(s) why access to the information is being delayed or denied.

C.  If a custodian denies a written request for access, the denial shall be in writing.

D.  Except as provided in Subsection E, relief from a custodian's written denial may be sought by filing a motion or application with the court for which the custodian maintains the records.

E.  Relief from a magisterial district court may be sought by filing an appeal with the president judge of the judicial district or the president judge's designee. Relief from a written denial by the Philadelphia Municipal Court may be sought by filing a motion with the president judge of Philadelphia Municipal Court or the president judge's designee.

## COMMENTARY

Given that most public access requests for case records are straightforward and usually involve a particular case or matter, custodians should process the same in an expeditious fashion.

There are a number of factors that can affect how quickly a custodian may respond to a request. For example, the custodian's response may be slowed if the request is vague, involves retrieval of a large number of case records, or involves information that is stored off-site. Ultimately, the goal is to respond timely to requests for case records.

In those unusual instances in which access to the case records cannot be granted in an expeditious fashion, the custodian shall inform the requestor of the specific reason(s) why access to the information is being delayed or denied, which may include:

- the request involves such voluminous amounts of information that the custodian is unable to fulfill the same without substantially impeding the orderly conduct of the court or custodian's office;
- records in closed cases are located at an off-site facility;
- a particular file is in use by a judge or court staff. If a judge or court staff needs the file for an extended period of time, special procedures should be considered, such as making a duplicate file that is always available for public inspection;

- the requestor failed to pay the appropriate fees, as established pursuant to Section 6.0 of this policy, associated with the request;
- the requested information is restricted from access pursuant to applicable authority, or any combination of factors listed above.

With respect to Subsection D, an aggrieved party may seek relief from a denial of a written request for access consistent with applicable authority (for example, in an appellate court, Pa.R.A.P. 123 sets forth procedures for applications for relief under certain circumstances, or pertinent motion practice at the trial court level).

# Section 6.0 Fees

    A.  Unless otherwise provided by applicable authority, fees for duplication by photocopying or printing from electronic media or microfilm shall not exceed $0.25 per page.

    B.  Except as provided in Subsection C, a custodian shall establish a fee schedule that is (1) posted in the court facility in an area accessible to the public, and (2) posted on the custodian's website.

    C.  Any fee schedule for a magisterial district court shall be established by the president judge of the judicial district by local rule pursuant to Pa.R.J.A. No. 103(c). The fee schedule shall be publicly posted in an area accessible to the public.

## COMMENTARY

Reasonable fees may be imposed for providing public access to case records pursuant to this policy and in accordance with applicable authority. This section does not authorize fees for viewing records that are stored at the court facility.

To the extent that the custodian is not the court, approval of the fee schedule by the court may be necessary.

An example of applicable authority setting forth photocopying fees is 42 Pa.C.S. § 1725(c)(1)(ii) that provides the Clerk of Orphans' Court of the First Judicial District shall charge $3 per page for a copy of any record. *See also* 42 P.S. § 21032.1 (providing authority for the establishment of fees in orphans' court in certain judicial districts). In addition, the copying fees for appellate court records are provided for in 204 Pa. Code § 155.1.  However, copies of most appellate court opinions and orders are available for free on the Unified Judicial System's website, www.pacourts.us.

## Section 7.0 Confidential Information

A.  The following information is confidential and shall not be included in any document filed with a court or custodian, except on a Confidential Information Form filed contemporaneously with the document **[or as provided in Subsection C]**:

    1.      Social Security Numbers;

    2.      Financial Account Numbers, except an active financial account number may be identified by the last four digits when the financial account is the subject of the case and cannot otherwise be identified;

    3.      Driver License Numbers;

    4.      State Identification (SID) Numbers;

    5.      Minors' names and dates of birth except when a minor is charged as a defendant in a criminal matter (see 42 Pa.C.S. § 6355); and

    6.      Abuse victim's address and other contact information, including employer's name, address and work schedule, in family court actions as defined by Pa.R.C.P. No. 1931(a), except for victim's name.

This section is not applicable to cases that are sealed or exempted from public access pursuant to applicable authority.

B.  The Administrative Office of Pennsylvania Courts shall design and publish the Confidential Information Form.

C.  **[Instead of using the Confidential Information Form, a court of record may adopt a rule or order permitting the filing of any document in two versions, a "Redacted Version" and "Unredacted Version." The "Redacted Version" shall not include any information set forth in Subsection A, while the "Unredacted Version" shall include the information. Redactions must be made in a manner that is visibly evident to the reader. This Subsection is not applicable to filings in a magisterial district court.]** <u>Reserved.</u>

D.  Parties and their attorneys shall be solely responsible for complying with the provisions of this section and shall certify their compliance to the court. The certification that shall accompany each filing shall be substantially in the following form: "I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents." The certification language may be inserted in the document to be filed, thereby obviating the need for a separate certification form.

E.  A court or custodian is not required to review or redact any filed document
    for compliance with this section. A party's or attorney's failure to comply
    with this section shall not affect access to case records that are otherwise
    accessible.

F.  If a filed document fails to comply with the requirements of this section, a
    court of record may, upon motion or its own initiative, with or without a
    hearing, order the filed document sealed, redacted, amended or any
    combination thereof. A court of record may impose sanctions, including
    costs necessary to prepare a compliant document for filing in accordance
    with applicable authority.

G.  If a filed document fails to comply with the requirements of this section,
    a magisterial district court may, upon request or its own initiative, with
    or without a hearing, order the filed document redacted, amended or
    both.

H.  This section shall apply to all documents for any case filed with a court or
    custodian on or after the effective date of this policy.

## COMMENTARY

This section is not applicable to cases that are sealed or exempted from public
access pursuant to applicable authority, for example, cases filed under the Juvenile Act
that are already protected by 42 Pa.C.S. § 6307, and Pa.Rs.J.C.P. 160 and 1160.

Attorneys are reminded that Rules 1.1 and 1.6 of the Rules of Professional
Conduct require familiarity and compliance with this policy.

While Pa.R.C.P. No. 1931 is suspended in most judicial districts, the reference to
the rule is merely for definitional purposes.

Unless constrained by applicable authority, court personnel and jurists are advised
to refrain from inserting confidential information in court-generated case records (e.g.,
orders, notices) when inclusion of such information is not essential to the resolution of
litigation, appropriate to further the establishment of precedent or the development of
law, or necessary for administrative purposes. For example, if a court's opinion contains
confidential information and, therefore, must be sealed or heavily redacted to avoid
release of such information, this could impede the public's access to court records and
ability to understand the court's decision.

**[Whether] When** using a Confidential Information Form **[or filing a redacted and
unredacted version of a document in a court of record]**, the drafter shall indicate where in
the document confidential information has been omitted **by use of an alternative reference**.
For example, the drafter could insert minors' initials in the document, while listing full names
on the Confidential Information Form. If more than one child has the same initials, a different
moniker should be used (e.g., child one, child two, etc.). The Confidential Information Form

published by the Administrative Office of Pennsylvania Courts includes alternative references that should be used by the drafter.

**[The option to file a redacted and unredacted version of a document does not apply to filings in a magisterial district court.]** Most filings in magisterial district courts are completed on statewide forms designed by the Administrative Office of Pennsylvania Courts. Safeguarding the information set forth in this Section for magisterial district courts is achieved through the use of a Confidential Information Form **[(see Subsection A)]** in tandem with other administrative protocols (e.g., a public access copy page that shields confidential information was added to the citation form set).

With regard to Subsection D, the certification of compliance is required whether documents are filed in paper form or via an e-filing system. Moreover, the certification is required on every document filed with a court or custodian regardless of whether the filing contains "confidential information" requiring safeguarding under this policy. The certification is included on many forms that parties and attorneys file with the magisterial district courts. For documents e-filed through PACFile, available in the appellate courts and some common pleas courts, the filer can certify compliance by checking a box. In addition, the Administrative Office of Pennsylvania Courts included the certification **on** the Confidential Information Form, as well as created a sample stand-alone certification form that parties and attorneys may use or simply incorporate the language into their filed documents. This form may be found on the Unified Judicial System's website, www.pacourts.us.

With regard to Subsection E, a court or custodian is not required to review or redact documents filed by a party or attorney for compliance with this section. However, such activities are not prohibited.

With regard to Subsection F, any party may make a motion to the court of record to cure any defect(s) in any filed document that does not comport with this section.

With regard to Subsection G, any party may file a request form designed and published by the Administrative Office of Pennsylvania Courts with a magisterial district court when there is an allegation that a filing was made with that court that does not comply with this policy.

**With regard to Subsection H, the policy was amended in 2021 to implement the Confidential Information Form as the single statewide method to safeguard the information identified in Subsection A. Prior to this amendment, an appellate or trial court could permit the filing of any document in two versions, a "Redacted Version" and "Unredacted Version," rather than require the use of the Confidential Information Form.**

# Section 8.0 Confidential Documents

A. The following documents are confidential and shall be filed with a court or custodian under a cover sheet designated "Confidential Document Form":

   1. Financial Source Documents;
   2. Minors' educational records;
   3. Medical/Psychological records;
   4. Children and Youth Services' records;
   5. Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33;
   6. Income and Expense Statement as provided in Pa.R.C.P.No. 1910.27(c); and
   7. Agreements between the parties as used in 23 Pa.C.S.§3105.

This section is not applicable to cases that are sealed or exempted from public access pursuant to applicable authority.

B. The Administrative Office of Pennsylvania Courts shall design and publish the Confidential Document Form.

C. Confidential documents submitted with the Confidential Document Form shall not be accessible to the public, except as ordered by a court. However, the Confidential Document Form or a copy of it shall be accessible to the public.

D. Parties and their attorneys shall be solely responsible for complying with the provisions of this section and shall certify their compliance to the court. The certification that shall accompany each filing shall be substantially in the following form: "I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents." The certification language may be inserted in the document to be filed, thereby obviating the need for a separate certification form.

E. A court or custodian is not required to review any filed document for compliance with this section. A party's or attorney's failure to comply with this section shall not affect access to case records that are otherwise accessible.

F. If confidential documents are not submitted with the Confidential Document Form, a court of record may, upon motion or its own initiative, with or without a hearing, order that any such documents be sealed. A court of record may also impose appropriate sanctions for failing to comply with this section.

G. If a filed document fails to comply with the requirements of this section, a magisterial district court may, upon request or its own initiative, with or without a hearing, order that any such documents be sealed.

H. This section shall apply to all documents for any case filed with a court or custodian on or after the effective date of this policy.

## COMMENTARY

This section is not applicable to cases that are sealed or exempted from public access pursuant to applicable authority, such as Juvenile Act cases pursuant to 42 Pa.C.S. § 6307, and Pa.Rs.J.C.P. 160 and 1160.

Attorneys are reminded that Rules 1.1 and 1.6 of the Rules of Professional Conduct require familiarity and compliance with this policy.

Unless constrained by applicable authority, court personnel and jurists are advised to refrain from attaching confidential documents to court-generated case records (e.g., orders, notices) when inclusion of such information is not essential to the resolution of litigation, appropriate to further the establishment of precedent or the development of law, or necessary for administrative purposes. For example, if a court's opinion contains confidential information and, therefore, must be sealed or heavily redacted to avoid release of such information, this could impede the public's access to court records and ability to understand the court's decision.

Examples of "agreements between the parties" as used in Subsection (A)(7) include the following types of agreements: marital settlement, post-nuptial, pre-nuptial, and property settlement. See 23 Pa.C.S. § 3105 for more information about agreements between parties.

With regard to Subsection D, the certification of compliance is required whether documents are filed in paper form or via an e-filing system. Moreover, the certification is required on every document filed with a court or custodian regardless of whether the filing contains a "confidential document" requiring safeguarding under this policy. The certification is included on many forms that parties and attorneys file with the magisterial district courts. For documents e-filed through PACFile, available in the appellate courts and some common pleas courts, the filer can certify compliance by checking a box. In addition, the Administrative Office of Pennsylvania Courts included the certification on the Confidential Document Form, as well as created a sample stand-alone certification form that parties and attorneys may use or simply incorporate the language into their filed documents. This form may be found on the Unified Judicial System's website,

www.pacourts.us.

 With regard to Subsection E, if the party or party's attorney fails to use a cover sheet designated "Confidential Document Form" when filing a document deemed confidential pursuant to this section, the document may be released to the public.

 With regard to Subsection F, any party may make a motion to the court of record to cure any defect(s) in any filed document that does not comport with this section.

 With regard to Subsection G, any party may file a request form designed and published by the Administrative Office of Pennsylvania Courts with a magisterial district court when there is an allegation that a filing was made with that court that does not comply with this policy.

# Section 9.0 Limits on Public Access to Case Records at a Court Facility

The following information shall not be accessible by the public at a court facility:

A. Case records in proceedings under 20 Pa.C.S. § 711(9), including but not limited to case records with regard to issues concerning recordation of birth and birth records, the alteration, amendment, or modification of such birth records, and the right to obtain a certified copy of the same, except for the docket and any court order or opinion;

B. Case records concerning incapacity proceedings filed pursuant to 20 Pa.C.S. §§ 5501-5555, except for the docket and any final decree adjudicating a person as incapacitated;

C. Any Confidential Information Form **[or any Unredacted Version of any document]** as set forth in Section 7.0;

D. Any document filed with a Confidential Document Form as set forth in Section 8.0;

E. Information sealed or protected pursuant to court order;

F. Information to which access is otherwise restricted by federal law, state law, or state court rule; and

G. Information presenting a risk to personal security, personal privacy, or the fair, impartial and orderly administration of justice, as determined by the Court Administrator of Pennsylvania with the approval of the Chief Justice. The Court Administrator shall publish notification of such determinations in the *Pennsylvania Bulletin* and on the Unified Judicial System's website.

H. **The Unredacted Version of any document filed in accordance with prior versions of this policy.**

## COMMENTARY

Unless constrained by applicable authority, court personnel and jurists are advised to refrain from inserting confidential information in or attaching confidential documents to court-generated case records (e.g., orders, notices) when inclusion of such information is not essential to the resolution of litigation, appropriate to further the establishment of precedent or the development of law, or necessary for administrative purposes. For example, if a court's opinion contains confidential information and, therefore, must be sealed or heavily redacted to avoid release of such information, this could impede the public's access to court records and ability to understand the court's decision.

With respect to Subsection F, Pennsylvania Rule of Appellate Procedure 104(a), Pa.R.A.P. 104(a), provides that the appellate courts may make and amend rules of court governing their practice. The Administrative Office of Pennsylvania Courts shall from time to time publish a list of applicable authorities that restrict public access to court records or information. This list shall be published on the Unified Judicial System's website and in the *Pennsylvania Bulletin*. In addition, all custodians shall post this list in their respective court facilities in areas accessible to the public and on the custodians' websites.

With respect to Subsection G, the Administrative Office of Pennsylvania Courts shall include any such determinations in the list of applicable authorities referenced above. The same provision appears in the *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania*. The provision is intended to be a safety valve to address a future, extraordinary, unknown issue of statewide importance that might escape timely redress otherwise. It cannot be used by parties or courts in an individual case.

**With regard to Subsection H, the policy was amended in 2021 to implement the Confidential Information Form as the single statewide method to safeguard the information identified in Subsection A. Prior to this amendment, an appellate or trial court could permit the filing of any document in two versions, a "Redacted Version" and "Unredacted Version," rather than require the use of the Confidential Information Form.**

# Section 10.0 Limits on Remote Access to Case Records

A.  The following information shall not be remotely accessible by the public:

1.  The information set forth in Section 9.0;
2.  In criminal cases, information that either specifically identifies or from which the identity of jurors, witnesses (other than expert witnesses), or victims could be ascertained, including names, addresses and phone numbers;
3.  Transcripts lodged of record, excepting portions of transcripts when attached to a document filed with the court;
4.  *In Forma Pauperis* petitions;
5.  Case records in family court actions as defined in Pa.R.C.P. No. 1931(a), except for dockets, court orders and opinions;
6.  Case records in actions governed by the Probate, Estates and Fiduciaries Code, Adult Protective Services Act and the Older Adult Protective Services Act, except for dockets, court orders and opinions; and
7.  Original and reproduced records filed in the Supreme Court, Superior Court or Commonwealth Court as set forth in Pa.R.A.P. 1921, 1951, 2151, 2152, and 2156.

B.  With respect to Subsections A(5) and A(6), unless otherwise restricted pursuant to applicable authority, dockets available remotely shall contain only the following information:

1.  A party's name;
2.  The city, state, and ZIP code of a party's address;
3.  Counsel of record's name and address;
4.  Docket number;
5.  Docket entries indicating generally what actions have been taken or are scheduled in a case;
6.  Court orders and opinions;
7.  Filing date of the case; and
8.  Case type.

C.  Case records remotely accessible by the public prior to the effective date of this policy shall be exempt from this section.

## COMMENTARY

Remote access to the electronic case record information residing in the Pennsylvania Appellate Court Case Management System (PACMS), the Common Pleas Case Management System (CPCMS) and the Magisterial District Judges System (MDJS) is provided via web dockets, available on https://ujsportal.pacourts.us/, and is governed by the *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania*.

Depending upon individual court resources, some courts have posted online docket information concerning civil matters. If a court elects to post online docket information concerning family court actions and actions governed by the Probate, Estates and Fiduciaries Code, Adult Protective Services Act and the Older Adult Protective Services Act, the docket may only include the information set forth in Subsection B. This information will provide the public with an overview of the case, its proceedings and other pertinent details, including the court's decision. Release of such information will enhance the public's trust and confidence in the courts by increasing awareness of the procedures utilized to adjudicate the claims before the courts, as well as the material relied upon in reaching determinations. This provision does not impact what information is maintained on the docket available at the court facility.

Access to portions of transcripts when attached to a document filed with the court in family court actions is governed by Subsection A(5). While Pa.R.C.P. No. 1931 is suspended in most judicial districts, the reference to the rule is merely for definitional purposes.

# Section 11.0 Correcting Clerical Errors in Case Records

A.  A party, or the party's attorney, seeking to correct a clerical error in a case record may submit a written request for correction.

    1.  A request to correct a clerical error in a case record of the Supreme Court, Superior Court, or Commonwealth Court shall be submitted to the prothonotary of the proper appellate court.

    2.  A request to correct a clerical error in a case record of a court of common pleas, the Philadelphia Municipal Court, or a magisterial district court shall be submitted to the applicable custodian.

B.  The request shall be made on a form designed and published by the Administrative Office of Pennsylvania Courts.

C.  The requestor shall specifically set forth on the request form the information that is alleged to be a clerical error and shall provide sufficient facts, including supporting documentation, that corroborate the requestor's allegation that the information in question is in error.

D.  The requestor shall provide copies of the request to all parties to the case.

E.  Within 10 business days of receipt of a request, the custodian shall respond in writing to the requestor and all parties to the case in one of the following manners:

    1.  The request does not contain sufficient information and facts to determine what information is alleged to be in error, and no further action will be taken on the request.

    2.  The request does not concern a case record that is covered by this policy, and no further action will be taken on the request.

    3.  A clerical error does exist in the case record and the information in question has been corrected.

    4.  A clerical error does not exist in the case record.

    5.  The request has been received and an additional period not exceeding 30 business days is necessary to complete a review of the request.

F.  A requestor may seek review of the custodian's response under Subsections E(1)-(4) within 10 business days of the mailing date of the response.

1. The request for review shall be submitted on a form that is designed and published by the Administrative Office of Pennsylvania Courts.

2. The request shall be reviewed by the judge(s) who presided over the case. However, if the request for review concerns a magisterial district court's decision, it shall be reviewed by the president judge or his/her designee.

## COMMENTARY

Case records are as susceptible to clerical errors and omissions as any other public record. The power of the court to correct errors in its own records is inherent. *E.g.,* Jackson v. Hendrick, 746 A.2d 574 (Pa. 2000). It is important to emphasize that this section does not provide a party who is dissatisfied with a court's decision, ruling or judgment a new avenue to appeal the same by merely alleging there is an error in the court's decision, ruling or judgment. Rather, this section permits a party to "fix" information that appears in a case record which is not, for one reason or another, correct.

Particularly in the context of Internet publication of court records, a streamlined process is appropriate for addressing clerical errors to allow for prompt resolution of oversights and omissions. For example, to the extent that a docket in a court's case management system incorrectly reflects a court's order, or a scanning error occurred with regard to an uploaded document, such clerical inaccuracies may be promptly corrected by the appropriate court staff, upon notification, without a court order. Since 2007, the *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania* has provided a similar procedure for any errors maintained on the web docket sheets of the PACMS, CPCMS and MDJS. The procedure has successfully addressed clerical errors on docket entries in a timely and administratively simple manner.

A party or party's attorney is not required to utilize the procedures set forth in this section before making a formal motion for correction of a case record in the first instance. Alleged inaccuracies in orders and judgments themselves must be brought to the attention of the court in accordance with existing procedures.

This section is not intended to provide relief for a party's or attorney's failure to comply with Sections 7.0 and 8.0 of this policy. Sections 7.0 and 8.0 already provide for remedial action in the event that non-compliance occurs.

With respect to this section, a custodian includes, but is not limited to, the county prothonotaries, clerks of orphans' court, clerks of the court, and magisterial district judges.

A log of all corrections made pursuant to this section may be maintained by the custodian, so that there is a record if an objection is made in the future. Such a log should remain confidential. It is suggested that custodians include a registry entry on the case docket when a request is received and a response is issued.

## Section 12.0 Continuous Availability of Policy

A copy of this policy shall be continuously available for public inspection in every court and custodian's office and posted on the Unified Judicial System's website.