IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK DAILY RECORD | : | Case No. 1:22-cv-00361-SHR |
| THE YORK DISPATCH, | : | |
| THE PHILADELPHIA INQUIRER | : | |
| d/b/a SPOTLIGHT PA, | : | |
| LNP MEDIA GROUP, INC., | : | |
| and WITF | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL J. BYRNES, in his official | : | 42 U.S.C §1983 |
| Capacity as Clerk of Court for | : | PRELIMINARY AND |
| York County, Pennsylvania | : | PERMANENT INJUNCTIVE |
| Defendant | : | RELIEF REQUESTED |

**ANSWER OF DEFENDANT, DANIEL J. BYRNES, in his official capacity as
Clerk of Court for York County, Pennsylvania,
TO COMPLAINT ALLEGING VIOLATION OF CIVIL RIGHTS
PURSUANT TO 42 U.S.C. §1983 AND SEEKING DECLARATORY AND
INJUNCTIVE RELIEF
WITH AFFIRMATIVE DEFENSES**

Defendant, Daniel J. Byrnes, in his official capacity as Clerk of Court for York

County, Pennsylvania, through his counsel, Stephen R. McDonald, Esquire and

CGA Law Firm, hereby asserts the following Answer with Affirmative Defenses to

Plaintiffs' Complaint as follows:

1.      Denied.  The allegations of Paragraph 1 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 1 are denied.

2.      Denied.  The allegations of Paragraph 2 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 2 are denied.

3.      Denied as stated.   The policies and practices concerning what information may be disseminated to the public are not those of the York County Clerk of Court ("YCCC"), but rather are set forth by the Commonwealth's legislature and its entire court system.   Staff within the YCCC's office redact information in compliance with those statewide policies and criteria.

4.      Denied.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4, because Plaintiff failed to identify which specific files it is referring to, and therefore the allegations are denied and strict proof is demanded. By way of further answer, the policies and practices concerning what information may be disseminated to the public are not those of the YCCC, but rather are set forth within the UJS Public Access Policy and other statewide policies, as well as by

{02091835/1}

judicial orders.   Staff within the YCCC's office redact information in compliance with those statewide policies and criteria.

5.     Denied.  The allegations of Paragraph 5 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 5 are denied.

## PARTIES

6.     Admitted upon information and belief.

7.     Admitted upon information and belief.

8.     Admitted upon information and belief.

9.     Admitted in part and denied in part.    Denied.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 and therefore, the allegations are denied and strict proof is demanded.   Upon information and belief The Philadelphia Inquirer d/b/a Spotlight PA's principal place of business is 225 Market Street, Suite 502A, Harrisburg, Dauphin County, PA.  It is admitted that Dauphin County is within the jurisdiction of the Middle District.

10.    Admitted in part and denied in part.   Upon information and belief LNP Media Group, Inc.'s publication The Caucus principal place of business is 211 State

Street, Harrisburg, Dauphin County, PA and LNPC Media Group, Inc's place of business is 101 N. Queen Street, Lancaster, PA. It is admitted that Dauphin County is within the Middle District and Lancaster County is within the jurisdiction of the Eastern District. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity as to the remainder of the allegations of Paragraph 10 and therefore, they are denied and strict proof is demanded.

11.    Admitted in part and denied in part.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 and therefore, the allegations are denied and strict proof is demanded.    Upon information and belief WITF's principal place of business is 4801 Lindle Road, Harrisburg, Dauphin County, Pennsylvania. It is admitted the Dauphin County is within the jurisdiction of the Middle District.

12.    Denied.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and therefore, the allegations are denied and strict proof is demanded.

13.    Admitted in part and denied in part.  It is admitted that Defendant Daniel J. Byrnes is the elected Clerk of Courts for York County, Pennsylvania, with an official office located within the York County Judicial Center in York, Pennsylvania.  The remaining allegations forth a legal conclusion of law to which no response is required and are therefore denied.

14.    Admitted upon information and belief.

15.    Admitted upon information and belief.

## NATURE OF THE ACTION

16.    Denied.  The allegations of Paragraph 16 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 16 are denied.

## JURISDICTION

17.    Denied.  The allegations of Paragraph 17 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 17 are denied.

## VENUE

18.    Denied.  The allegations of Paragraph 18 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 18 are denied.

## FACTS

**A. Plaintiffs have a First Amendment right to access Judicial records filed in criminal cases.**

19.    Denied.  The allegations of Paragraph 19 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 19 are denied.

20.    Denied.  The allegations of Paragraph 20 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 20 are denied.

21.    Denied.  The allegations of Paragraph 21 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 21 are denied.

22.    Denied.  The allegations of Paragraph 22 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 22 are denied.

**B.    Plaintiffs have the right under the Pennsylvania Constitution to access judicial records filed in criminal cases.**

23.    Denied.  The allegations of Paragraph 23 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 23 are denied.

24.    Denied.  The allegations of Paragraph 24 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 24 are denied.

25.    Denied.  The allegations of Paragraph 25 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 25 are denied.

26.    Denied in that this Paragraph refers to a writing which speaks for itself. Any characterization is denied.

27.    Denied in that this Paragraph refers to a writing which speaks for itself. Any characterization is denied.

28.    Denied in that this Paragraph refers to a writing which speaks for itself. Any characterization is denied.

29.    Denied in that this Paragraph refers to a writing which speaks for itself. Any characterization is denied.

30.    Denied.  The allegations of Paragraph 30 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 30 are denied.   By way of further answer this averments of this paragraph are denied in that this Paragraph refers to a writing which speaks for itself. Any characterization is denied.

**C.    Defendant is unconstitutionally redacting and delaying or denying access to criminal court records in York County.**

31.    Admitted upon information and belief.

32.    It is admitted that the public computer terminals in the Clerk of Court's lobb were removed, prior to Dan Byrnes becoming the York County Clerk of Courts, to prevent the public from accessing sealed, unredacted, or other confidential information on Laserfiche that it was prohibited from having.   Access to Laserfich on the fourth floor terminals were removed shortly thereafter, for the same reason. In April, 2021 the Plaintiff was offered the option of full access to Laserfiche by

having their attorney subscribe to that service. The Plaintiff's attorneys declined to accept such proposal.

33.    Denied as stated. Defendant made a change to the way all fees for all copies would be handled.   Any implication that the Plaintiff was treated differently than the public at large is denied.

34.    Denied as stated. The allegations of Paragraph 34 refer to a written document which speaks for itself and therefore no response is required and any characterization is denied. By way of further answer, the fee schedule charging $0.65 per page was established in 2018 under the former Clerk of Court and the changes made by Daniel Byrnes are another example changes made to his office policy to align with the UJS Public Access Policy.

35.    The allegations of Paragraph 35 refer to a written document which speaks for itself and therefore no response is required. By way of further answer, when the Clerk of Court's Office was made aware that the fee scheduled it had inherited was not aligned with the UJS Public Policy, Defendant changed the fee schedule without delay and notified the Plaintiffs in writing.

36.     It is admitted that the public computer terminals were removed to prevent the public from accessing sealed, unredacted, or other information on Laserfiche that it was prohibited from having.

37.     Denied. As has always been the case, the Defendant's staff was at all times available to assist Plaintiff in handling requests for documents and records, regardless of the presence of a computer terminal.   It is specifically denied that Defendant initiated a policy of delaying access to judicial requested documents or that Defendant's staff redacted information which is intended for the public.

38.     Denied. The allegations of Paragraph 38 refer to a written document which speaks for itself and therefore no response is required.

39.     Denied. The allegations of Paragraph 39 refer to a written document which speaks for itself and therefore no response is required.   By way of further response UJS Public Policy Section 2.d states  "Nothing in this policy requires a court or custodian to provide remote access to case records."

40.     Denied.  The allegations of Paragraph 40 refer to a written document which speaks for itself and therefore no response is required.

41.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.

42.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.

43.    Admitted in part and denied in part.   It is admitted that the Clerk of Court provided Plaintiffs' record requests in compliance with UJS policy and other Right to Know standards.   Specifically, Section 4.0(B) of the UJS provides that "access may be delayed until…a time when an individual designated by the custodian is available to monitor such access to ensure integrity of the case records is maintained." Any implication by Plaintiffs that Defendant unduly delayed access or improperly redacted records is denied.

   ***i.    Defendant oversees a policy and practice of redacting and "impounding" judicial records without having any legal authority to do so.***

44.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied. By way of further answer, it is

specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

45.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied. By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

46.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.  By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in   compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

47.    Denied. The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.  By way of further answer, it is

specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

48.    Denied as stated.   The averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.   By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.   Sealing orders are not the only manner or standard under which documents are determined not to be available to the public.

49.    Denied.  The allegations of Paragraph 49 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 49 are denied.

50.    Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments concerning what other Clerk of Court's offices do, and therefore the allegations are denied and strict proof is demanded.  The remainder of Plaintiffs'

averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied. By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

51.    Admitted in part and denied in part.   It is admitted that Bonnie Marier denied access to a case for which the public was not permitted to have access.   By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

52.    Admitted in part and denied in part.   It is admitted that Bonnie Marier denied access to information in a case for which the public was not permitted to have access.   By way of further answer, it is specifically denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements. The remainder of Defendants' allegations are conclusions of law for which no response is required and therefore are denied.

53.     Admitted in part and denied in part.   It is admitted that Bonnie Marier denied access to a case for which the public was not permitted to have access.   By way of further answer, it is specifically denied that Defendant has a policy to redact records in and way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

54.     Admitted in part and denied in part.   Upon information and belief it is admitted that Dylan Segelbaum requested document from three cases and received documents that same day.   Upon information and belief any redactions made as alleged by Plaintiffs in this paragraph are isolated errors made by an individual employee rushing to get records to the Plaintiffs, and not the result of any policy by Defendant.   Any implication that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements is denied.

55.     Admitted in part and denied in part.   It is admitted Jack Panyard went to the Clerk of Courts office to review documents in *Commonwealth v. Cosek*.   It is denied that Defendant has a policy to redact records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements.

56.    Admitted in part and denied in part.  Upon information and belief, it is admitted that Brandon Addeo was provided documents the same day he requested to review them.   It is also admitted the staff reviewed the documents to comply with UJS and other Commonwealth policies concerning access to information files.  The remainder of Paragraph 56 is a conclusion of law to which no response is necessary and is therefore deemed denied.

57.    Admitted in part and denied in part.  Upon information and belief, it is admitted that Rachel McDevitt requested and was provided documents. The remainder of Paragraph 57 is a conclusion of law to which no response is necessary and is therefore deemed denied.

58.    Admitted in part and denied in part.  Upon information and belief it is admitted that Dylan Segelbaum requested access to a case.   The remainder of Paragraph 58 is a conclusion of law for which no response is necessary.   Any implication that Defendant's office redacts records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements is denied.

59.    Admitted in part and denied in part.  Upon information and belief it is admitted that Dylan Segelbaum requested access to a case.  Upon information and

belief it is admitted that the Clerk's Office provided documents from the case to which the public was entitled to have access.  Any implication that Defendant's office provides access to records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements is denied.

*ii.*     ***Defendant delays and denies access to records requested in person.***

60.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 and therefore, the allegations are denied and strict proof is demanded.

61.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 and therefore, the allegations are denied and strict proof is demanded. Any implication that Defendant's office provides access to records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements is denied.  By way of further response, the allegations of Paragraph 61 refer to a document which speaks for itself and therefore no response is required.

62.     Admitted in part and denied in part.  It is admitted that Panyard went to the Clerk of Courts Office.   It is denied that the office no longer kept paper records. By way of further answer there are older files still in paper format.  They files are in the process of being scanned and uploaded into an electronic format.   All new files are created and stored electronically by order of the president judge. Any implication that Defendant's office provides access to records in any way other than in compliance with the UJS policy and/or other Commonwealth of Pennsylvania policies, laws, and requirements is denied..

63.     Admitted in part and denied in part.  It is admitted that Scott Fisher was erroneously charged money to view documents on site.   It is denied this incident was the result of a policy by the Clerk of Court.   On the contrary this incident was the result of an isolated error by which resulted in a review of the appropriate pricing policy and increased internal controls to prevent a recurrence of the error.

*iii.*     ***Defendant delays and denies access to records requested via email.***

64.     Denied.  After   reasonable   investigation,   Defendant   is   without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 and therefore, the allegations are denied and strict proof is demanded.

65.     Denied.   After   reasonable   investigation,   Defendant   is   without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 concerning Dylan Segelbaum and therefore, the allegations are denied and strict proof is demanded. The remainder averments contained in this paragraph are conclusions of law or fact to which no response is necessary; to the extent that a response is deemed necessary the averments are specifically denied.

66.     Denied.   After   reasonable   investigation,   Defendant   is   without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 and therefore, the allegations are denied and strict proof is demanded.

67.     Denied.  The allegations of Paragraph 67 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 67 are denied.

### COURT I
### (Declaratory Relief)
**Defendant's policy and custom of redacting and impounding judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution**

68.    Paragraph 68 is an incorporation paragraph to which no response is required. To the extent a response is deemed required, it is denied.

69.    Denied.  The allegations of Paragraph 69 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 69 are denied.

70.    Denied.  The allegations of Paragraph 70 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 70 are denied.

71.    Denied.  The allegations of Paragraph 71 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 71 are denied.

72.    Denied.  The allegations of Paragraph 72 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 72 are denied. By way of further answer, UJS Public Access Policy Section 5.0(D) Responding to Requests for Access to Case Records states in relevant part: "[R]elief from a custodian's written denial may be sought by filing a motion or application with the court for which the custodian maintains the records." Despite all their claims of violations, Plaintiffs have never once filed a motion or

application with the York County Court of Common Pleas alleging that Defendant's office erroneously denied access to records.

### COUNT II
### (Declaratory Relief)
### Defendant's policy and custom of delaying and denying access to judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution

73.     Paragraph 73 is an incorporation paragraph to which no response is required.  To the extent a response is deemed required, it is denied.

74.     Denied.  The allegations of Paragraph 74 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 74 are denied.

75.     Denied.  The allegations of Paragraph 75 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 75 are denied.

76.     Denied.  The allegations of Paragraph 76 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 76 are denied.

77.     Denied.  The allegations of Paragraph 77 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the

allegations of Paragraph 77 are denied. By way of further answer, UJS Public Access Policy Section 5.0(D) Responding to Requests for Access to Case Records states in relevant part: "[R]elief from a custodian's written denial may be sought by filing a motion or application with the court for which the custodian maintains the records." Despite all their claims of violations, Plaintiffs have never once filed a motion or application with the York County Court of Common Pleas alleging that Defendant's office erroneously denied access to records.

## COUNT III
### (Preliminary Injunctive Relief)
### Defendant's policy and custom of redacting and impounding judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution

78.    Paragraph 78 is an incorporation paragraph to which no response is required. To the extent a response is deemed required, it is denied.

79.    Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 and therefore, the allegations are denied and strict proof is demanded.

80.     Denied. The allegations of Paragraph 80 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 80 are denied.

81.     Denied. The allegations of Paragraph 81 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 81 are denied.

82.     Denied. The allegations of Paragraph 82 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 82 are denied.

**COUNT IV**
**(Preliminary Injunctive Relief)**
**Defendant's policy and custom of delaying and denying access to judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution**

83.     Paragraph 83 is an incorporation paragraph to which no response is required. To the extent a response is deemed required, it is denied.

84.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 84 and therefore, the allegations are denied and strict proof is demanded.

85.     Denied.  The allegations of Paragraph 85 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 85 are denied.

86.     Denied.  The allegations of Paragraph 86 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 86 are denied.

87.     Denied.  The allegations of Paragraph 87 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 87 are denied.

### COUNT V
### (Permanent Injunctive Relief)
**Defendant's policy and custom of redacting and impounding judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution**

88.     Paragraph 88 is an incorporation paragraph to which no response is required. To the extent a response is deemed required, it is denied.

89.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89 and therefore, the allegations are denied and strict proof is demanded.

90.     Denied.  The allegations of Paragraph 90 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 90 are denied.

91.     Denied.  The allegations of Paragraph 91 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 91 are denied.

92.     Denied.  The allegations of Paragraph 92 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 92 are denied.

93.     Denied.  The allegations of Paragraph 93 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 93 are denied.

### COUNT VI
### (Permanent Injunctive Relief)
**Defendant's policy and custom of delaying and denying access to judicial records violates the First Amendment to the U.S. Constitution and Article I, § 11 of the Pennsylvania Constitution**

94.     Paragraph 94 is an incorporation paragraph to which no response is required.  To the extent a response is deemed required, it is denied.

95.    Denied.  After  reasonable  investigation,  Defendant  is  without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 and therefore, the allegations are denied and strict proof is demanded.

96.    Denied.  The allegations of Paragraph 96 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 96 are denied.

97.    Denied.  The allegations of Paragraph 97 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 97 are denied.

98.    Denied.  The allegations of Paragraph 98 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 98 are denied.

99.    Denied.  The allegations of Paragraph 99 set forth a legal conclusion of law to which no response is required.   To the extent that a response is required, the allegations of Paragraph 99 are denied.

WHEREFORE, Defendant requests that judgment be entered in his favor and against Plaintiffs and that Defendant be awarded costs and fees incurred in this matter and other such relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state cognizable claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not, in any way, violate Plaintiffs' rights under the Civil Rights Pursuant to 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the Doctrine of Unclean Hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer damages capable of injunctive relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by all applicable statues of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred for failure to join necessary and indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred as contrary to public policy.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by having an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by failure to exhaust administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by Defendants execution of a public duty and immunity from lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to sovereign immunity

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts all immunity to which he may be entitled to under
the law.

Respectfully submitted,

By:   */s/ Stephen R. McDonald*
Stephen R. McDonald, Esquire
Attorney I.D. No. 310319
CGA Law Firm
135 N. George Street
York, PA  17401
717-848-4900 t.
717-843-9039 f.
smcdonald@cgalaw.com
Sean E. Summers, Esquire
Attorney ID No. 92141
Summers Nagy Law Offices
35 South Duke Street
York, PA 17401
(717)812-8100
Fax: 717-812-8108
ssummers@summersnagy.com
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK DAILY RECORD              :        Case No. 1:22-cv-00361-SHR
THE YORK DISPATCH,             :
THE PHILADELPHIA INQUIRER      :
d/b/a SPOTLIGHT PA,            :
LNP MEDIA GROUP, INC.,         :
and WITF                       :
         Plaintiffs    :
   v.                       :
                               :
DANIEL J. BYRNES, in his official  :   42 U.S.C §1983
Capacity as Clerk of Court for :        PRELIMINARY AND
York County, Pennsylvania      :        PERMANENT INJUNCTIVE
         Defendant     :        RELIEF REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that on March _____ , 2022, a true and correct copy of the

*Answer of Defendant, Daniel J. Byrnes, in his official capacity as Clerk of Court for*

*York County, Pennsylvania, to Complaint Alleging Violation of Civil Right Pursuant*

*to 42 U.S.C. §1983 and Seeking Declaratory and Injunctive Relief with Affirmative*

*Defenses* was filed electronically through the Court's ECF system and served on:

Paula Knudsen Burke, Esquire
Sasha Dudding, Esquire
P.O. Box 1328
Lancaster, PA   17608

{02091835/1}